UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GENENTECH, INC.,

        Plaintiff(s),                             Case No. C 03-1603 VRW

   v.

THE TRUSTEES OF COLUMBIA               CLERK'S NOTICE
UNIVERSITY OF THE CITY OF
NEW YORK,

        Defendant(s).
_____/

This action having been reassigned to the Honorable Vaughn R. Walker;

     YOU ARE NOTIFIED that a Case Management Conference has been scheduled for **Tuesday, October 7, 2003 at 9:00 a.m.** before the Honorable Vaughn R. Walker. Counsel are directed to file a joint case management conference statement one week prior to the conference.

Counsel shall  comply with the following:

<u>SUPPLEMENT TO INITIAL CASE MANAGEMENT SCHEDULE</u>

    1.    At the initial case management conference, the parties or at least one attorney of record for each party must appear in person.  See FRCP 26(f); Civ LR 16-10(a).

    2.    The case management statement may not exceed ten pages.  It should briefly describe the parties' controversy.  Any party seeking damages must set forth in the statement the amount sought and the basis for its calculation.

    3.    If the case was removed from a state court, and the applicable state law has not required the parties to make an express demand for a jury trial at the time of removal,

Pretrial.aut                                           1

any party claiming right to a jury trial must make the request therefor within ten days after service of the notice of removal. FRCP 81(c).

4. <u>NOTICE TO PRO SE LITIGANTS IN NON-PRISONER ACTIONS</u>:

If you are proceeding in this lawsuit without an attorney, then the following directives apply to you in the prosecution of your case.

The court hereby ORDERS you to comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure as set forth below. Failure to follow the procedures set forth in this order may result, under Rule 4(m), in dismissal of your case.

It is your responsibility to obtain a valid summons from the clerk and to effect service of the summons and complaint on all defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. If you have named the United States government, a federal agency, a federal official or a federal employee as a defendant, you must comply with the special requirements of Rule 4(i).

Service may be effected by any person who is not a party and who is at least 18 years of age, which means that you, as a party, may <u>not</u> effect service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, your action will, under Rule 4(m), be dismissed as to that defendant.

Within 125 days after the filing of the complaint, you must file proof of service indicating which defendants were served within the 120 days allowed under Rule 4(m) and showing, in accordance with Rule 4(l), how each of those defendants was served (for example, by attaching appropriate certificates of service). You must also show cause why a defendant not served within the 120 days allowed under Rule 4(m) should not be dismissed without prejudice. Failure to do these things within the designated time will result in the dismissal of your case under Rule 4(m) and Rule 41(b).

5. <u>NOTICE FOR AMERICANS WITH DISABILITIES ACT LITIGATION</u>:

If this action seeks accommodation or other relief, including attorney fees, pursuant to Title III of the Americans with Disabilities Act, 42 USC §§ 12181-89, the court ORDERS, pursuant to FRCP 16, the following:

a. Each plaintiff shall, pursuant to FRCP 4(m), forthwith complete service on any unserved defendant;
b. Discovery, except for initial disclosures required by FRCP 26(a), and all other proceedings are until further order STAYED;
c. If not previously done, each plaintiff shall forthwith identify and serve upon each defendant a list of the architectural barriers sought to be removed and/or access to be provided, and if restrooms are at issue, a conceptual plan for

   remediation, accompanied by a statement of attorney fees incurred to date (42 USC § 12205; <u>Hensley v Eckerhart</u>, 461 US 424, 429-30, 433-37 (1983));

 d. Each defendant shall, no later than the date for the conference of the parties specified above, serve a response to the demand for the removal of barriers, (i) agreeing or disagreeing that such barriers exist, (ii) indicating whether any existing barrier has been removed and (iii) if a defendant believes that removal of an existing barrier is not readily achievable, specifying the factual basis for this belief;

 e. The joint case management statement shall contain, in addition to the information called for by FRCP 26(f), the information set forth in paragraphs c and d;

 f. The parties are urged to consult with experts as necessary meaningfully to discuss removal of architectural barriers prior to the case management conference and/or any ADR session.

 <u>SANCTIONS</u>. Failure to comply with this schedule and order or the local rules may result in sanctions or dismissal. See FRCP 16(f), 41(b); Civ LR 1-4.

Please report to Courtroom 6, on the 17th floor, U.S. District Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

To obtain Judge Walker's Standing Order and Calendar, log onto the Court's website at www.cand.uscourts.gov

Dated: July 30, 2003

            By:   /S/  Cora G. Delfin
             Courtroom Deputy Clerk to Judge Walker

Pretrial.aut     3